**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Perkins, a single male; Marcus Hawkes, a single male; Michael Fitzpatrick, a single male, <br><br>                Plaintiffs, <br> vs. <br><br> Head Hunters Smoke Shop, LLC, an Arizona Corporation; Aaron Gardner, Jr. and Jane Doe Gardner, husband and wife, <br><br>            Defendants. | Case No.: <br><br> **COMPLAINT** <br> **(Unclassified Civil- FLSA and Arizona Wage Violation)** <br><br> **JURY DEMAND** |

Plaintiffs, Michael Perkins, Michael Fitzpatrick and Marcus Hawkes, for their

Complaint against Defendant, Head Hunters Smoke Shop, LLC, allege:

### NATURE OF THE CASE

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor

conditions detrimental to the maintenance of the minimum standard of living necessary for

health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals,

the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

U.S.C. §§ 206(a) & 207(a).

2.      Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

3.      Plaintiffs bring this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and specifically the overtime provision of the Act found at §207(a).

4.      For at least six (6) months prior to the filing of this action, Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.      For at least six (6) months prior to the filing of this action, Plaintiff Michael Perkins worked at least fifty (50) to sixty (60) hours in excess of forty (40) hours per week and were not paid time and a half.

6.      For at least six (6) months prior to the filing of this action, Plaintiff Marcus Hawkes worked at least fifty (50) to sixty (60) hours in excess of forty (40) hours per week and were not paid time and a half.

7.      For at least six (6) months prior to the filing of this action, Plaintiff Michael Fitzpatrick worked at least hours in excess of forty (40) hours per week and were not paid time and a half.

8.      Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

9.      Plaintiffs also seek to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and *inter alia*  A.R.S. §12-341.01.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to A.R.S. §§ 12-123 and 12-401 and 29 U.S.C. §216(b).

2.      Venue is proper under A.R.S. § 12-401 as the events giving rise to these causes of action occurred in Pima County.

## PARTIES

10.     At all times material hereto, Plaintiffs were and continue to be residents of Pima County, Arizona.

11.     At all times material hereto, Head Hunters Smoke Shop, LLC was incorporated in the State of Arizona and has its principal place of business at 5846 E. Speedway Blvd, Tucson, AZ 85705.

12.     Upon information and belief, at all times material hereto, Defendant Aaron Gardner, Jr. was and continues to be a resident of Pima County, Arizona.

13.     Jane Doe Gardner is the fictitious name for Aaron Gardner, Jr.'s wife. When her true name has been ascertained, this Complaint shall be amended accordingly.  Aaron and Jane

Doe Gardner have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

14.     At all relevant times, Plaintiffs were "employees" of Defendant as defined by 29 U.S.C. §203(e)(1).

15.     The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to Defendant.

16.     At all relevant times, Defendant was and continues to be an employer as defined in 29 U.S.C. § 203(d).

17.     At all times material to this action,  Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

18.     Upon information and belief, and consistent with the information found with the Arizona Corporate Commission, Defendant Aaron Gardner, Jr. is the owner of Head Hunters Smoke Shop, LLC and makes all decisions on the daily activities of the LLC and makes all decisions regarding pay policies for the LLC.

## FACTUAL BACKGROUND

19.     Head Hunters Smoke Shop, LLC sells cigars, cigarettes and other tobacco products.

20.     Head Hunters Smoke Shop, LLC hired Plaintiff Michael Perkins to work as non-exempt employee paid weekly beginning in November 2012.

21.     Plaintiff Michael Perkins was paid $150.00 per week.

22.     Plaintiff Michael Perkins was not paid a salary at a rate more than or equal to

$455.00 per week.

23.    Plaintiff Michael Perkins' responsibilities included stocking inventory, bagging products, cleaning/organizing the store daily and getting money ready for deposit.

24.        Plaintiff Michael Perkins worked approximately ninety-eight (98) hours per week.

25.    Plaintiff Michael Perkins was terminated in January 2013.

26.    Plaintiff Michael Perkins was a non-exempt employee.

27.    Plaintiff Michael Perkins was not a manager.

28.    Head Hunters Smoke Shop, LLC hired Plaintiff Marcus Hawkes to work as non-exempt employee paid weekly beginning in November 2012.

29.    Plaintiff Marcus Hawkes' responsibilities included stocking inventory and selling tobacco related products to customers.

30.    Plaintiff Marcus Hawkes worked approximately fifty-five (55) hours per week.

31.    Plaintiff Marcus Hawkes was left Head Hunters Smoke Shop, LLC in December 2012.

32.    Plaintiff Marcus Hawkes was paid $100.00 total for all work performed between November 2012 and December 2012.

33.    Plaintiff Marcus Hawkes was not paid a salary at a rate more than or equal to $455.00 per week.

34.    Plaintiff Marcus Hawkes a non-exempt employee.

35.    Plaintiff Marcus Hawkes was not a manager.

36.    Head Hunters Smoke Shop, LLC hired Plaintiff Michael Fitzpatrick to work as

employee paid weekly beginning in October 2012

37.     Plaintiff Michael Fitzpatrick's responsibilities included ordering, selling and stocking products and cleaning the store.

38.     Plaintiff Michael Fitzpatrick worked approximately ninety-five hours per week.

39.     Plaintiff Michael Fitzpatrick was paid $200.00 to $240.00 per week from October 2012 until January 2013.

40.     Plaintiff Michael Fitzpatrick was not paid a salary or on a fee basis at a rate more than or equal to $455.00 per week.

41.     Plaintiff Fitzpatrick did not hire any employees.

42.     Plaintiff Fitzpatrick was terminated in January 2013.

43.     Plaintiff Fitzpatrick was a non-exempt employee.

44.     Plaintiff l Fitzpatrick was not managers.

45.     From November 2012 continuing through January 2013, Defendant failed to properly compensate Plaintiffs for many of his regular hours worked.  During this time, Plaintiffs were regularly scheduled to work approximately 98 hours per week.

46.     Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA were/was willful.

47.     Defendant's refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

48.     Plaintiffs have retained the law firm of Phillips Law Group, P.C., to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalf.

## COUNT ONE
## VIOLATION OF FAIR LABOR STANDARDS ACT

49.    Plaintiffs incorporate and adopt paragraphs 1 through 29 above as if fully set forth herein.

50.    Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due for each hour plaintiffs worked.

51.    Defendant willfully failed and refused to pay Plaintiffs at least the amount of the federal minimum wage, when those wages were due.

52.    Plaintiffs are entitled to collect the difference between their received wages and the wages due, over the past six months in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

53.    Plaintiffs have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

54.    Defendant, further has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with § 207 of the FLSA.

55.    As a result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

56.    Under 20 U.S.C. §216 Defendant is liable to Plaintiff for an amount equal to one and one-half  times his regular pay rate for each hour of overtime worked per week.

57.    In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to

recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

58.     Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

59.     Defendant has not made a good faith effort to comply with the FLSA.

60.     Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendant:

a.  Awarding Plaintiffs overtime compensation in the amount due to him for all of Plaintiffs' time worked in excess of forty (40) hours per work week at an amount equal to one and one-half times Plaintiffs' regular rate while at work at Head Hunters Smoke Shop, LLC;

b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

c.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiffs' costs incurred in this action;

e.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.   For such other and further relief as the Court deems just and proper.

## COUNT TWO

## <u>FAILURE TO PAY WAGES</u>

61.    Plaintiffs incorporate and adopt paragraphs 1 through 36 above as if fully set forth herein.

62.    Upon information and belief, Defendant failed to pay Plaintiffs "wages" (as that term is defined by A.R.S. §23-350) at Plaintiffs' regular rate for at least hundreds of hours while Plaintiff was in the employee of Defendant.

63.    Upon information and belief, Defendant's failure to pay Plaintiffs said wages was willful, unreasonable, and in bad faith.

64.    Pursuant to A.R.S. §23-355, Plaintiffs are entitled to an award of treble the amount calculated above.

65.    Pursuant to, *inter alia,* A.R.S. §12-341.01, Plaintiffs are entitled to an award of his attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendant:

a.   Awarding Plaintiffs regular compensation in the amount due to him for all of Plaintiff's time worked that was not compensated for while at work at Defendant.

b.   Awarding Plaintiffs treble the amount calculated pursuant to the preceding paragraph.

c.   Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. §12-341.01.

1      d.  For Plaintiffs' costs incurred in this action.

2      e.  Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all

3          amounts set forth in subsections a and b above from the date of the payment

4          due for that pay period until paid in full.

5      f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all

6          awards from the date of such award until paid in full.

7      g.  Ordering any other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLATORY JUDGMENT

8

9      66.   Plaintiffs incorporate and adopt paragraphs 1 through 41 above as if fully set

10   forth herein.

11

12     67.   Plaintiffs and Defendant have a Fair Labor Standards Act dispute pending.

13     68.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief

14   pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

15     69.   Plaintiffs may obtain declaratory relief.

16

17     70.   Defendant employed Plaintiffs.

18     71.   Defendant is an enterprise covered by the FLSA.

19     72.   Plaintiffs are individually covered by the FLSA.

20     73.   Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. §207.

21

22     74.   Plaintiffs are entitled to an equal amount of liquidated damages as Defendant's

     policy of failing to pay proper overtime compensation remains in effect.

23     75.   Defendant did not rely on a good faith defense in its failure to abide by the

24   provisions of the FLSA and failure to pay overtime compensation.

25

76.     Plaintiffs are entitled to his regular wages pursuant to A.R.S. §23-350 et al.

77.     Plaintiffs are entitled to an amount of treble damages in violation of A.R.S. §23-355.

78.     It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

79.     The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in his favor against Defendant:

> h.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA
>
> i.  For Plaintiffs' costs incurred in this action.
>
> j.  Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);
>
> k.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

1

Dated:  May 10, 2013

2

Respectfully submitted,

3

**PHILLIPS LAW GROUP PC**

4

5

_____

6

"Trey" A.R. Dayes III
treyd@phillipslaw.com

7

Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25